UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RACHEL KELLY AND TONI BOARDMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DSV AIR & SEA, INC.,<br><br>Defendant. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT** |

## PRELIMINARY STATEMENT

1. This is a collective action brought by individual and representative Plaintiffs Rachel Kelly and Toni Boardman ("Plaintiffs"), on behalf of themselves and all others similarly situated (the "putative FLSA Collective"), to recover overtime pay from their employer, DSV Air & Sea, Inc. ("DSV" or "Defendant").

2. Plaintiffs bring this action on behalf of themselves and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

3. Plaintiffs' claims are asserted as a collective action under the FLSA, 29 U.S.C. § 216(b).

4. The putative "FLSA Collective" is made up of all persons who are or have been employed by Defendant as Ocean Import Agents, Ocean Export Agents, Air Import Agents, Air Exports Agents, Customer Service Agents, or other similar positions, during the applicable statutory period.

5. Plaintiffs and those similarly situated routinely worked more than forty (40) hours in a workweek but were not paid an overtime premium for their overtime hours.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because Defendant has its corporate office in Clark, New Jersey and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

8. Defendant DSV Air & Sea, Inc. ("DSV" or "Defendant") is a foreign limited liability company with its principal place of business located at 100 Walnut Ave., Suite 105, Clark, New Jersey, 07066, United States.

9. Defendant operates office locations in multiple states around the country, including an office located in Romulus, Michigan where Plaintiffs worked.

10. Defendant is a logistics and transportation service company, providing supply chain solutions for thousands of companies in more than ninety (90) countries throughout the world. Defendant contracts with third-party air, sea, and land freight carriers to provide its customers with transportation services.

11. DSV operates in interstate commerce by, among other things, offering and selling a wide array of services to customers in multiple states across the country, including Michigan.

12. Upon information and belief, DSV's gross annual sales made, or business done has been in excess of $500,000.00 at all relevant times.

13. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Plaintiff Rachell Kelly ("Plaintiff Kelly") is an adult resident of Wayne County, Michigan.

15. Defendant employed Plaintiff Kelly as an Ocean Import Agent from approximately November 2015 to September 2018 in its office in Romulus, Michigan.

16. Plaintiff Toni Boardman ("Plaintiff Boardman") is an adult resident of Wayne County, Michigan.

17. Defendant employment Plaintiff Boardman from approximately May 2015 to May 2017 as an Ocean Import Agent in its office in Romulus, Michigan.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

18. At all times relevant herein, DSV operated a willful scheme to deprive Plaintiffs and others similarly situated of overtime compensation.

19. Plaintiffs and the similarly situated individuals work or worked as Ocean Import Agents, Ocean Export Agents, Air Import Agents, Air Exports Agents, Customer Service Agents, or other similar positions (collectively "Agents").

20. As Agents, Plaintiffs and the putative class members' primary job duty was non-exempt work consisting of tracking and tracing Defendant's customers' goods throughout their customers' supply chain, including transportation, storage, packaging/re-packaging, and processing.

21. Among other non-exempt tasks, Plaintiffs and the putative class members spent their workday communicating with, via phone and email, Defendant's customers and vendors, including ship, air, and rail lines, regarding the status of shipments and deliveries, doing data entry, updating/maintenance of Defendant's tracking and tracing software systems, completing and

processing paperwork, and performing other clerical work including creating/reviewing status reports.

22. Plaintiffs and the similarly situated individuals are or were paid a salary with no overtime pay.

23. Plaintiffs and the other similarly situated individuals are or were treated as exempt from overtime laws, including the FLSA.

24. Defendant suffered and permitted Plaintiffs and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

25. Plaintiff Kelly typically worked from approximately 6:30 a.m. to 5:00 p.m. Monday through Friday. Due to her demanding workload, Plaintiff Kelly typically worked through her lunch breaks. As a result, on average, Plaintiff Kelly worked approximately fifty (50) to fifty-five (55) hours per week.

26. For example, during the workweek beginning February 5, 2018, Plaintiff Kelly estimates that she worked approximately 50 hours and did not receive overtime pay for her overtime hours.

27. Plaintiff Boardman typically worked from approximately 7:00 a.m. to 6:00 p.m. or later Monday through Friday. Due to her demanding workload, Plaintiff Boardman typically worked through her lunch break. As a result, Plaintiff Boardman typically worked approximately forty-five (45) to fifty-five (55) hours per week.

28. For example, during the workweek beginning February 6, 2017, Plaintiff Boardman estimates that she worked approximately 50 hours and did not receive overtime pay for her overtime hours.

29. Defendant has been aware, or should have been aware, that Plaintiffs and the other similarly situated individuals performed non-exempt work that required payment of overtime compensation. Defendant assigned Plaintiffs a heavy workload and required them and the similarly situated individuals to work long hours, including overtime hours, to complete all of their job responsibilities.

30. Defendant knew that Plaintiffs and the other similarly situated individuals worked unpaid overtime hours because Plaintiffs and others complained about their long hours and the workload. Specifically, when Plaintiffs raised their concerns and questioned their supervisor about whether Defendant would make changes to reduce their workload, Plaintiffs' concerns were generally dismissed by Defendant.

31. Although Defendant had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiffs and the other similarly situated individuals.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

33. Plaintiffs file this action on behalf of themselves and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All persons who worked as Ocean Import Agents, Ocean Export Agents, Air Import Agents, Air Exports Agents, Customer Service Agents, or other similar positions (collectively, "Agents") for Defendant anywhere in the United States at any time since three years prior to the filing of this Complaint.

34. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' signed consent forms are attached hereto as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

35. During the applicable statutory period, Plaintiffs and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

36. Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, requiring Plaintiffs and the other similarly situated individuals to work excessive hours and failing to pay them overtime compensation.

37. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the entire putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly-situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant and are readily identifiable through its records.

## **CAUSES OF ACTION**

## **COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT**

### **FAILURE TO PAY OVERTIME**

**(On Behalf of Plaintiff and the Putative FLSA Collective)**

38. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

39. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

40. Defendant suffered and permitted Plaintiffs and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

41. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the other similarly situated individuals their required overtime compensation.

42. As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.  Plaintiffs and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

43. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the other similarly situated individuals, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and the putative FLSA Collective, pray for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly-situated apprising them of the pendency of

      this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.     A finding that Plaintiffs and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C.     A finding that Defendant violated the overtime provisions of the FLSA;

D.     Judgment against Defendant in the amount of Plaintiffs' and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E.     An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F.     An award of attorneys' fees and costs incurred in prosecuting this action;

G.     Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H.     For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

DATED: February 3, 2020

**SCHALL & BARASCH, LLC**

*/s/ Patricia A. Barasch*
Patricia A. Barasch (NJ #024631993)
pbarasch@schallandbarasch.com
Moorestown Office Center
110 Marter Avenue, Suite 105
Moorestown, NJ 08057
Phone: (856) 914-9200
Facsimile: (856) 914-9420

**NICHOLS KASTER, PLLP**

/s/Rachhana T. Srey
Rachhana T. Srey, MN Bar 340133*
Reena I. Desai, MN Bar 388311*
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

srey@nka.com
rdesai@nka.com

Benjamin L. Davis, III, MD Bar No. 29774*
Molly A. Nicholl, MD Bar No. 21087*
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Phone: (410) 244-7005
bdavis@nka.com
manicholl@nka.com

* *Pro hac vice forthcoming*

**Attorneys for Plaintiffs and the Putative FLSA Collective**